**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

METASWITCH NETWORKS LTD,

        Plaintiff,

  v.

GENBAND US LLC, GENBAND
MANAGEMENT SERVICES CORP.,

        Defendants.

Civil Action No. 2:14-cv-744

**JURY TRIAL DEMANDED**

## COMPLAINT

      Plaintiff Metaswitch Networks Ltd files this Complaint against Defendants GENBAND US LLC and GENBAND Management Services Corp. for patent infringement under 35 U.S.C. § 271 and alleges, based on its own personal knowledge with respect to its own actions and based upon information and belief with respect to the actions of others, as follows:

### PARTIES

      1.    Plaintiff Metaswitch Networks Ltd ("Plaintiff" or "Metaswitch") is a company organized under the laws of the United Kingdom and maintains a principal place of business at 100 Church St., Enfield EN2 6BQ, United Kingdom.

      2.    Upon information and belief, Defendant GENBAND US LLC is a Delaware limited liability company with its principal place of business in this Judicial District at 2801 Network Boulevard, Suite 300, Frisco, TX 75034.  Upon information and belief, Genband is registered to do business in Texas, is doing business in Texas and in this District, and can be served through its registered agent for service, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, TX 78701-3218.  Upon information and belief, Genband has offered and sold

the products accused herein of infringement in Texas and in the Eastern District of Texas, and those products are being operated in Texas and in the Eastern District of Texas.

3.      Upon information and belief, Defendant GENBAND Management Services Corp. is a Delaware corporation with an office at 2801 Network Blvd., #300 Frisco, TX 75034, and can be served through its registered agent for service, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, TX 78701-3218.   Upon information and belief, Defendant Genband Management Services Corp. has offered and sold the products accused herein of infringement in Texas and in the Eastern District of Texas, and those products are being operated in Texas and in the Eastern District of Texas.   GENBAND US LLC and   GENBAND Management Services Corp. are collectively referred to herein as "Defendants" or "Genband."

## JURISDICTION AND VENUE

4.      This is an action for patent infringement that arises under the patent laws of the United States 35 U.S.C. § 100 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.       Upon information and belief, this Court has general and specific jurisdiction over Genband.   Genband has substantial contacts with this forum including, upon information and belief, conducting, in the Eastern District of Texas, research and development, manufacturing, sales, and service of products that compete directly with Metaswitch products.   Upon information and belief, Genband employs approximately 335 employees in the Eastern District of Texas.   Additionally, upon information and belief, Genband has conducted and continues to conduct business in Texas and in this Judicial District, including purposefully and voluntarily placing its products and services into the stream of commerce with the expectation that they will be purchased by customers in Texas and in this Judicial District.   Genband, directly and/or through intermediaries, also makes, offers for sale, sells, uses, and/or advertises (including through its websites) its products and services in Texas and in this Judicial District.   Further, upon information and belief, Genband has caused and/or has committed acts of patent

infringement within Texas and within this Judicial District.  Genband's infringing products and services have been and continue to be offered and sold from Genband's offices in Texas and in this Judicial District and purchased and used by customers in Texas and in this Judicial District.

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) because Genband, at a minimum, is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

**COUNT I**
**(Direct Infringement of U.S. Patent No. 8,488,768)**

7.      Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-6 as if fully set forth herein.

8.      On July 16, 2013, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 8,488,768 (the "'768 Patent"), entitled "System and Method of Providing a Single Service Destination in a Telecommunications Network."  A true and correct copy of the '768 Patent is attached hereto as Exhibit A.

9.      Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '768 Patent, including the exclusive right to sue to enforce the '768 Patent and recover for infringement thereof.

10.      Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '768 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the VisionMail products/services included in Genband's uConnect, uMessage, OneNumber Plus, and uAttendant products and services ("the '768 Accused Products").

11.      Genband has had actual and constructive notice of the '768 Patent at least as early as service of this Complaint.

12.      As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

13.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

**COUNT II**
**(Indirect Infringement of U.S. Patent No. 8,488,768)**

14.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-13 as if fully set forth herein.

15.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '768 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '768 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '768 Patent.

16.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '768 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '768 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

17.     Genband has had knowledge of the '768 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '768 Patent.

18.     Upon information and belief, Genband has knowingly or with reckless disregard induced infringement of the '768 Patent.  Genband acted despite an objectively high risk that its

actions constitute indirect infringement of Metaswitch's '768 Patent.  Metaswitch further alleges that Genband will continue to willfully induce infringement of the '768 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

19.     As a direct and proximate result of Genband's inducement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

20.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing infringement.

**COUNT III**
**(Direct Infringement of U.S. Patent No. 6,816,482)**

21.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-20 as if fully set forth herein.

22.     On November 9, 2004, the USPTO duly and lawfully issued U.S. Patent No. 6,816,482 (the "'482 Patent"), entitled "System and Method for Interfacing a Broadband Network and a Circuit Switched Network."  A true and correct copy of the '482 Patent is attached hereto as Exhibit B.

23.     Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '482 Patent, including the exclusive right to sue to enforce the '482 Patent and recover for infringement thereof.

24.     Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '482 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the C3, C15, and/or C20 Call Session Controllers and the G2, G5, G6, and/or G9 Gateways ("the '482 Accused Products").

25.     Genband has had actual and constructive notice of the '482 Patent at least as early as service of this Complaint.

26.     As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

27.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

**COUNT IV**
**(Indirect Infringement of U.S. Patent No. 6,816,482)**

28.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-27 as if fully set forth herein.

29.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '482 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '482 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '482 Patent.

30.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '482 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '482 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

31.     Genband has had knowledge of the '482 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '482 Patent.

32.     Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '482 Patent under 35 U.S.C. § 271(c) by, without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '482 Patent, including without limitation the '482 Accused Products. Upon information and belief, the Genband products, such as the '482 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '482 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of equivalents.   The functionality of the '482 Accused Products that provide such services and features constitutes a material part of the inventions claimed in the '482 Patent.

33.     Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '482 Patent.  These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused single number functionality has no use apart from the functionality recited in one or more claims of the '482 Patent.

34.     Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '482 Patent.  Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '482 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '482 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

35.     As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

36.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

## COUNT V
### (Direct Infringement of U.S. Patent No. 7,881,282)

37.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-36 as if fully set forth herein.

38.     On February 1, 2011, the USPTO duly and lawfully issued U.S. Patent No. 7,881,282 (the "'282 Patent"), a continuation of the application that issued as the '482 Patent, entitled "System and Method for Interfacing a Broadband Network and a Circuit Switched Network."  A true and correct copy of the '282 Patent is attached hereto as Exhibit C.

39.     Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '282 Patent, including the exclusive right to sue to enforce the '282 Patent and recover for infringement thereof.

40.     Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '282 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the C3, C15, and/or C20 Call Session Controllers and the G2, G5, G6, and/or G9 Gateways ("the '282 Accused Products").

41.     Genband has had actual and constructive notice of the '282 Patent at least as early as service of this Complaint.

42.     As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

43.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

**COUNT VI**
**(Indirect Infringement of U.S. Patent No. 7,881,282)**

44.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-43 as if fully set forth herein.

45.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '282 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '282 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '282 Patent.

46.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '282 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '282 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

47.     Genband has had knowledge of the '282 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '282 Patent.

48.     Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '282 Patent under 35 U.S.C. § 271(c) by, without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '282 Patent, including without limitation the '282 Accused Products. Upon information and belief, the Genband products, such as the '282 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '282 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of equivalents.  The functionality of the '282 Accused Products that provide such services and features constitutes a material part of the inventions claimed in the '282 Patent.

49.     Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '282 Patent.  These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused single number functionality has no use apart from the functionality recited in one or more claims of the '282 Patent.

50.     Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '282 Patent.  Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '282 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '282 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

51.     As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

52.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

## COUNT VII
### (Direct Infringement of U.S. Patent No. 6,807,273)

53.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-52 as if fully set forth herein.

54.     On October 19, 2004, the USPTO duly and lawfully issued U.S. Patent No. 6,807,273 (the "'273 Patent"), entitled "Method and Apparatus for Bypassing the Common Control and Switch Matrix of a Digital Switching System for Telecommunications Networks." A true and correct copy of the '273 Patent is attached hereto as Exhibit D.

55.     Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '273 Patent, including the exclusive right to sue to enforce the '273 Patent and recover for infringement thereof.

56.     Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '273 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the C3, C15, and/or C20 Call Session Controllers and the G2, G5, G6, and/or G9 Gateways ("the '273 Accused Products").

57.     Genband has had actual and constructive notice of the '273 Patent at least as early as service of this Complaint.

58.     As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

59.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

**COUNT VIII**
**(Indirect Infringement of U.S. Patent No. 6,807,273)**

60.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-59 as if fully set forth herein.

61.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '273 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '273 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '273 Patent.

62.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '273 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '273 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

63.     Genband has had knowledge of the '273 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '273 Patent.

64.     Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '273 Patent under 35 U.S.C. § 271(c) by, without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '273 Patent, including without limitation the '273 Accused Products. Upon information and belief, the Genband products, such as the '273 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '273 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of equivalents.   The functionality of the '273 Accused Products that provide such services and features constitutes a material part of the inventions claimed in the '273 Patent.

65.     Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '273 Patent.   These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused single number functionality has no use apart from the functionality recited in one or more claims of the '273 Patent.

66.     Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '273 Patent.   Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '273 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '273 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

67.     As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

68.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

### COUNT IX
### (Direct Infringement of U.S. Patent No. 7,657,018)

69.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-68 as if fully set forth herein.

70.     On February 2, 2010, the USPTO duly and lawfully issued U.S. Patent No. 7,657,018 (the "'018 Patent"), a continuation-in-part of the application that issued as the '273 Patent, entitled "Method and System for Combining a Conversion Between Time-Division Multiplexed Digital Signals and Packetized Digital Signals with a Switching System Interface." A true and correct copy of the '018 Patent is attached hereto as Exhibit E.

71.     Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '018 Patent, including the exclusive right to sue to enforce the '018 Patent and recover for infringement thereof.

72.     Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '018 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the C3, C15, and/or C20 Call Session Controllers and the G2, G5, G6, and/or G9 Gateways ("the '018 Accused Products").

73.     Genband has had actual and constructive notice of the '018 Patent at least as early as service of this Complaint.

74.     As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

75.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

## COUNT X
### (Indirect Infringement of U.S. Patent No. 7,657,018)

76.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-75 as if fully set forth herein.

77.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '018 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '018 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '018 Patent.

78.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '018 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '018 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

79.     Genband has had knowledge of the '018 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '018 Patent.

80.     Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '018 Patent under 35 U.S.C. § 271(c) by, without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '018 Patent, including without limitation the '018 Accused Products. Upon information and belief, the Genband products, such as the '018 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '018 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of equivalents.  The functionality of the '018 Accused Products that provide such services and features constitutes a material part of the inventions claimed in the '018 Patent.

81.     Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '018 Patent.  These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused single number functionality has no use apart from the functionality recited in one or more claims of the '018 Patent.

82.     Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '018 Patent.  Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '018 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '018 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

83.     As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

84.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

## COUNT XI
### (Direct Infringement of U.S. Patent No. 8,611,522)

85.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-84 as if fully set forth herein.

86.     On December 17, 2013, the USPTO duly and lawfully issued U.S. Patent No. 8,611,522 (the "'522 Patent"), entitled "Telephone Call Processing Method and Apparatus."  A true and correct copy of the '522 Patent is attached hereto as Exhibit F.

87.     Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '522 Patent, including the exclusive right to sue to enforce the '522 Patent and recover for infringement thereof.

88.     Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '522 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the EXPERiUS Application Server including SmartOFFICE 2.0 and unified communications features ("the '522 Accused Products").

89.     Genband has had actual and constructive notice of the '522 Patent at least as early as service of this Complaint.

90.     As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

91.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

## COUNT XII
### (Indirect Infringement of U.S. Patent No. 8,611,522)

92.     Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-91 as if fully set forth herein.

93.     Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '522 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '522 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '522 Patent.

94.     Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '522 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '522 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

95.     Genband has had knowledge of the '522 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '522 Patent.

96.     Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '522 Patent under 35 U.S.C. § 271(c) by,

without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '522 Patent, including without limitation the '522 Accused Products. Upon information and belief, the Genband products, such as the '522 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '522 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of equivalents.  The functionality of the '522 Accused Products that provide such services and features constitutes a material part of the inventions claimed in the '522 Patent.

97.     Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '522 Patent.  These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused single number functionality has no use apart from the functionality recited in one or more claims of the '522 Patent.

98.     Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '522 Patent.  Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '522 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '522 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

99.     As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

100.     Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent.  Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

## COUNT XIII
### (Direct Infringement of U.S. Patent No. 8,687,640)

101. Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-100 as if fully set forth herein.

102. On April 1, 2014, the USPTO duly and lawfully issued U.S. Patent No. 8,687,640 (the "'640 Patent"), entitled "Controlling Communication Sessions." A true and correct copy of the '640 Patent is attached hereto as Exhibit G.

103. Metaswitch Networks Ltd. is the lawful owner of all right, title, and interest in and to the '640 Patent, including the exclusive right to sue to enforce the '640 Patent and recover for infringement thereof.

104. Upon information and belief, Genband is infringing and has infringed under 35 U.S.C. § 271(a), either literally or by the doctrine of equivalents, one or more claims of the '640 Patent through the manufacture, use, importation, offer for sale, and/or sale in the United States of at least the QUANTIX QFlex enterprise Session Border Controllers utilizing Remote User Support functionality ("the '640 Accused Products").

105. Genband has had actual and constructive notice of the '640 Patent at least as early as service of this Complaint.

106. As a direct and proximate result of Genband's acts of patent infringement, Metaswitch has suffered and will continue to suffer damages until such patent infringement is enjoined by the Court.

107. Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from infringing.

## COUNT XIV
### (Indirect Infringement of U.S. Patent No. 8,687,640)

108. Metaswitch restates, realleges, and incorporates by reference the allegations contained in the preceding paragraphs 1-107 as if fully set forth herein.

109. Upon information and belief, Genband has induced and continues to induce infringement of one or more claims of the '640 Patent under 35 U.S.C. § 271(b) by encouraging, facilitating, instructing, directing, and/or requiring others, including without limitation its customers, users, telephony service providers, and/or developers, to perform all or some of the elements of the claims of the '640 Patent, either literally or under the doctrine of equivalents. Genband has known or has been willfully blind to the fact that it is inducing others, including customers, users, telephony service providers, and/or developers, to infringe by practicing, either themselves or in conjunction with Genband, one or more of the claims of the '640 Patent.

110. Genband knowingly and actively aids and abets its customers' direct infringement by instructing and encouraging its customers, users, telephony service providers, and/or developers to use the '640 Accused Products, such as by providing access to, encouraging, instructing, advertising, and facilitating use of the '640 Accused Products, and by voluntarily placing infringing products and services in the stream of commerce with the expectation that its products and services will be used by its customers in this District and throughout the United States.

111. Genband has had knowledge of the '640 Patent at least as of the date of service of this Complaint, and by continuing its actions as described above, Genband has had the specific intent to or is willfully blind to the fact that its actions induce infringement of the '640 Patent.

112. Upon information and belief, Genband has contributed to and continues to contribute to infringement of one or more claims of the '640 Patent under 35 U.S.C. § 271(c) by, without authority, selling and/or offering for sale within the United States, importing and/or supplying its customers with components of the claimed apparatus and components that practice one or more claims of the '640 Patent, including without limitation the '640 Accused Products. Upon information and belief, the Genband products, such as '640 Accused Products, are implemented and operated by customers to provide the services and features claimed in the '640 Patent, thereby infringing one or more of those claims, either literally or under the doctrine of

equivalents. The functionality of the '640 Accused Products that enables such services and features constitutes a material part of the inventions claimed in the '640 Patent.

113. Upon information and belief, Genband has known at least as of the date of services of this Complaint, for the reasons as described above, that these components are especially adapted for use in infringing the '640 Patent. These components are not staple articles of commerce suitable for substantial non-infringing use at least because the accused media bypass functionality has no use apart from the functionality recited in one or more claims of the '640 Patent.

114. Upon information and belief, Genband has knowingly or with reckless disregard induced and contributed to the infringement of the '640 Patent. Genband acted despite an objectively high risk that its actions constitute indirect infringement of Metaswitch's '640 Patent. Metaswitch further alleges that Genband will continue to willfully induce and contribute to infringement of the '640 Patent subsequent to the filing of this Complaint unless and until it is enjoined by this Court.

115. As a direct and proximate result of Genband's inducement and contributory infringement, Metaswitch has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

116. Metaswitch is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq*., including monetary damages and an order enjoining Genband from continuing to indirectly infringe the patent. Metaswitch will be irreparably harmed if Genband is not enjoined from inducing and contributing to infringement.

## PRAYER FOR RELIEF

WHEREFORE, Metaswitch respectfully requests entry of judgment and relief as follows:

A. An entry of judgment holding that Genband has infringed and is infringing, has induced and is inducing infringement, and has contributed to others' infringement and is contributing to others' infringement of each of the '273 Patent, '482 Patent, '018 Patent, '282

Patent, '768 Patent, '522 Patent, and '640 Patent (collectively, the "Metaswitch Patents-in-Suit")
as alleged above;

B.      That Genband and its officers, agents, servants, employees, and all those persons
acting or attempting to act in active concert or in participation with them or acting on their behalf
be immediately, preliminarily and permanently enjoined from further direct and/or indirect
infringement of the Metaswitch Patents-in-Suit, and for any and all further and proper injunctive
relief pursuant to 35 U.S.C. § 283;

C.      An award to Metaswitch of such damages as it shall prove at trial against
Genband and that are adequate to fully compensate Metaswitch for Genband's infringement of
the Metaswitch Patents-in-Suit, such damages to be no less than a reasonable royalty, and
including costs, expenses, and reasonable attorneys' fees as allowed by law;

D.      That this case be declared "exceptional" and that Metaswitch be awarded its costs,
expenses, and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E.      An accounting of all infringing sales and revenues, together with post-judgment
interest and pre-judgment interest from the first date of infringement of the Metaswitch Patents-
in-Suit; and

F.      Any such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Metaswitch demands a trial by jury on all issues so triable in this action.


Dated:    July 7, 2014                          Respectfully submitted,

                                                */s/ J. Mark Mann*
                                                J. Mark Mann
                                                State Bar No. 12926150
                                                mark@themannfirm.com
                                                MANN | TINDEL | THOMPSON
                                                300 West Main Street
                                                Henderson, Texas 75652
                                                Tel: 903-657-8540
                                                Fax: 903-657-6003

                                                Charles K. Verhoeven
                                                charlesverhoeven@quinnemanuel.com
                                                QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
                                                50 California Street, 22nd Floor
                                                San Francisco, CA 94111
                                                Tel: 415-875-6600
                                                Fax: 415-875-6700

                                                *Attorneys for Plaintiff*
                                                *Metaswitch Networks Ltd*