IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § | |
| | § | |
| v. | § | Case No. 2:14-cv-744-JRG-RSP |
| | § | |
| GENBAND US LLC, ET AL. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion for Summary Judgment of No Priority and Invalidity of U.S. Patent No. 7,657,018 (Dkt. No. 173; "Motion") filed by Genband US LLC ("Genband"). Genband's Motion acknowledges that Metaswitch Networks Ltd. ("Metaswitch") no longer asserts infringement of the '018 Patent. (Dkt. No. 173 at 1 n.1). However, Genband has asserted a declaratory judgment counterclaim for invalidity of the '018 Patent. (Dkt. No. 28 at 15).

"The burden is on the party claiming declaratory judgment jurisdiction . . . to establish that an Article III case or controversy existed at the time that the claim for declaratory relief was filed and that it has continued since." *Danisco US, Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "*MedImmune* does not stand for the proposition that an Article III case or controversy exists automatically whenever a competitor desires to mount a validity challenge." *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012).

The only controversy recited in Genband's counterclaim is "Metaswitch Networks Ltd's right to threaten and/or maintain a suit against GENBAND for infringement of the Asserted Patents." (Dkt. No. 28 at 15). Since Metaswitch no longer threatens or maintains its infringement

suit over the '018 Patent, the recited controversy does not apply. Genband's opening Motion does not attempt to establish the existence of a continuing case or controversy. (Dkt. Nos. 173). Genband's Reply brief recites, as a basis for jurisdiction, the fact that "Metaswitch and GENBAND are competitors, Metaswitch's recently withdrawn patent has not been dismissed with prejudice, and the parties have a history of patent litigation." (Dkt. No. 207 at 4). These recitations fail to distinguish this case from *Streck*, in which the parties were "competitor[s]" involved in litigation—indeed, several claims of the patents in *Streck* remained asserted—yet the district Court found that it lacked jurisdiction over the unasserted claims of those same patents (which had not been dismissed with prejudice). *Streck*, 665 F.3d at 1284.[1] Accordingly, the Court determines that it lacks Article III jurisdiction over Genband's declaratory judgment counterclaims with respect to the withdrawn '018 Patent.

Metaswitch also argues that the exercise of declaratory judgment jurisdiction is discretionary, and that the circumstances of this case warrant declining to exercise jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (U.S. 1995) ("district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. The Court agrees with Metaswitch that considerations of judicial administration provide an independent basis to decline to exercise declaratory judgment jurisdiction in this case. *First*, it is not the typical practice of this Court to force the parties to narrow their case for trial. Instead the

---

[1] Likewise, this case is readily distinguishable from *Honeywell*, in which the district court retained declaratory judgment jurisdiction over dismissed independent claims where infringement of the corresponding dependent claims was still asserted by the plaintiff. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 995-996 (Fed. Cir. 2007).

Court prefers to rely on the parties, acting in good faith, to voluntarily limit the scope of the case, including the number of asserted claims and prior art references. *See, e.g.* (Dkt. No. 94) (declining to forcibly limit number of claim terms for construction; citing the "significant progress" the parties have made in voluntarily limiting disputes). Declining to exercise declaratory judgment jurisdiction over a dropped patent encourages the parties to voluntarily narrow the case for trial and therefore promotes judicial economy. *Second*, Genband has petitioned for *inter partes* review of the '018 Patent. (Dkt. No. 186-2). If that proceeding is instituted, it would result in a parallel action to determine the validity of the '018 Patent; promoting judicial economy by avoiding parallel proceedings was recognized by the Supreme Court in *Wilton* as a legitimate basis for declining to exercise jurisdiction. *Wilton*, 515 U.S. at 290.

For the foregoing reasons, the Court concludes that it lacks jurisdiction over Genband's declaratory judgment counterclaim for invalidity of the '018 Patent. Accordingly, Genband's Motion for Summary Judgment (Dkt. No. 173) should be **DENIED AS MOOT**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 29th day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE