IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § § | |
| v. | § § | Case No. 2:14-cv-744-JRG-RSP |
| GENBAND US LLC, ET AL. | § § | |

## **MEMORANDUM ORDER**

Before the Court is a Motion to Strike Certain Opinions of Dr. Nader Mir filed by Genband US LLC ("Genband"). (Dkt. No. 172; "Motion to Strike"). Genband moves to strike two opinions from Dr. Mir's Report: (1) his rebuttal to Mr. Bress's *Vanmoor* anticipation opinions in which Dr. Mir states that "anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference," and (2) Dr. Mir's opinions that the asserted claims of Patent No. 8,488,768 (the '768 Patent) are not invalid under 35 U.S.C. § 101. (Dkt. No. 172-2 at ¶¶ 101, 138–142; "Report"). Metaswitch Networks Ltd. ("Metaswitch") opposes.

The Court has excluded Dr. Bress' *Vanmoor* anticipation opinions. (Dkt. No. 289 at 14–19). Accordingly, Dr. Mir need not rebut those opinions. Genband's Motion to Strike is therefore moot with respect to ¶ 101 of Dr. Mir's Report.

Genband also challenges Dr. Mir's opinions pertaining to subject matter eligibility under 35 U.S.C. § 101. Report at ¶¶ 138–142. Genband contends Dr. Mir relies on an incorrect and overly narrow interpretation of the claims. (Dkt. No. 172 at 13–15). "The ultimate question of patent eligibility under § 101 is an issue of law, reviewed de novo." *BRCA1- & BRCA2-Based Hereditary Cancer Test Patent Litig. v. Ambry Genetics Corp.*, 774 F.3d 755, 759 (Fed. Cir. 2014). Likewise, claim construction is a question of law for the Court, not the jury. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Metaswitch acknowledges

that Dr. Mir's opinions on § 101 should not go to the jury. (Dkt. No. 187 at 4) ("whether a patent is directed to patent-eligible subject matter is a pure legal question for the Court, not the jury, to decide").

"Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). This is because the district court has the discretion "to hear the evidence and make its reliability determination during, rather than in advance of, trial." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.").

The Court is responsible for deciding disputed questions of law, and the Federal Circuit has consistently disfavored reliance on expert testimony as the basis for legal conclusions. *Cf. Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 991 n.4 (Fed. Cir. 1995) ("[a] patent law expert's opinion on the ultimate legal conclusion is neither required nor indeed 'evidence' at all") (citations omitted); *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("an expert's opinion on the legal conclusion of obviousness is neither necessary nor controlling"). The Court therefore excludes, and will not consider, Dr. Mir's opinions on legal issues.

To the extent expert testimony is helpful when deciding a question of law such as subject matter eligibility, its utility is limited to supplying background facts about the nature of the art and the patents. To the extent the Court considers and gives weight to any factual opinions offered by Dr. Mir, the Court will first exercise its gatekeeping role by assessing the reliability of that opinion. Orders of this Court pertaining to subject matter eligibility will note any expert opinion(s)

relied upon and the basis for such reliance.

For the foregoing reasons, Genband's Motion to Strike is **GRANTED-IN-PART**. All of the challenged portions of Dr. Mir's Report (¶¶ 101, 138–142) pertain to issues that are either moot or are questions of law for the Court. The challenged opinions are therefore excluded from consideration by the jury.

**SIGNED this 5th day of March, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE