IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § § | |
| v. | § § | Case No. 2:14-cv-744-JRG-RSP |
| GENBAND US LLC, ET AL. | § | |

## **MEMORANDUM ORDER**

Before the Court is a Motion to Exclude Testimony of Expert Witness Mark Lanning filed by Metaswitch Networks Ltd. ("Metaswitch"). (Dkt. No. 174; "Motion to Strike"). Metaswitch moves to strike Mr. Lanning's opinion on "copying" and "commercial success." Metaswitch argues that Mr. Lanning's copying opinions are fundamentally the same as those he offered in the co-pending case *Genband v. Metaswitch*, Case No. 2:14-cv-33 ("the -33 Case"). Metaswitch attaches a redline comparison of his opinions in the two cases, showing the substance of his opinions and methodology is unchanged (and for the most part is word-for-word identical). (Dkt. No. 174-5). Genband US, LLC ("Genband") does not contest that Mr. Lanning's opinions are the same in both cases, and the parties' briefs advance essentially the same arguments as in the -33 Case. (Dkt. No. 192); *see also Genband v. Metaswitch*, Case No. 2:14-cv-33 at Dkt. Nos. 258, 286, 296, 313.

For the reasons set forth in the Court's Order at Dkt. No. 425 in Case No. 2:14-cv-33, the Court rules on the Motion to Strike as follows:

Secondary considerations of non-obviousness serve as an important check on hindsight bias and "must always when present be considered." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1075-79 (Fed. Cir. 2012). However "a nexus between the copying and the novel aspects of the claimed invention must exist for evidence of

copying to be given significant weight in an obviousness analysis." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012). Likewise commercial success must have a link to the invention to be treated as persuasive evidence of non-obviousness. *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) (absent a nexus, evidence of commercial success was correctly afforded "little weight").

The nexus requirement goes primarily to the weight secondary considerations should be given, and the *Daubert* inquiry is one of admissibility rather than weight. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). It is for the fact finder to determine the magnitude of the nexus that connects a given piece of evidence to the patents-in-suit and to give appropriate weight to that evidence. However, absent any nexus at all, the evidence is not relevant and is not entitled to any weight. *See Apple Inc. v. Samsung Elecs. Co.*, 2016 U.S. App. LEXIS 3432 at *42 (Fed. Cir. Feb. 26, 2016) ("Apple presented no evidence demonstrating a nexus between the commercial success of the iPhone and the features claimed by the patent, and accordingly the claimed evidence of commercial success is entitled to no weight."). Secondary consideration evidence that bears no possible nexus to the inventions of the asserted patents does not constitute sufficiently reliable "facts or data" upon which an expert can base an opinion under Fed. R. Evid. 702.

Accordingly, Mr. Lanning may rely on and offer opinions about evidence of copying and commercial success so long as this evidence is tied to some product, feature, or technology that Genband alleges embodies one or more asserted patents. Even if the product embodies technology other than just the asserted patents, the connection may be sufficient to permit the circumstantial inference of a nexus. However, Mr. Lanning may not rely on evidence of the general commercial success of Genband as a company which is not linked to any product or technology alleged to

practice an asserted patent. Likewise Mr. Lanning may not offer the opinion that Metaswitch has a general "corporate culture" of copying; this opinion is not sufficiently connected to any alleged act of copying or attempted copying of the claimed invention. *See* (Dkt. No. 258-14 at 15).

Metaswitch has argued in a notice of Supplemental Authority Regarding Copying Evidence (Dkt. No. 287) that it is not sufficient to show a patent-practicing product was copied (or that it was commercially successful). Instead, the evidence must establish a nexus to a particular novel claim feature to support a finding of non-obviousness. (*Id.*) This Order is not a ruling on the sufficiency of Genband's evidence. Genband must still persuade the fact finder to give weight to its secondary consideration evidence. This Order merely establishes a minimum threshold for a *prima facie* showing of nexus; opinions that meet this threshold are sufficient to "help the trier of fact to understand the evidence or to determine a fact in issue" and are therefore admissible under Rule 702.

Accordingly, Metaswitch's Motion to Strike (Dkt. No. 174) is **GRANTED-IN-PART**. Because most of the evidence upon which Mr. Lanning bases his opinions is tied to specific products or technologies alleged to practice the asserted patents, the Court will not strike his opinions that secondary considerations support a finding of non-obviousness. However, Mr. Lanning will not be permitted to testify about or rely upon the types of evidence excluded by this Order.

**SIGNED this 5th day of March, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE