IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § § | |
| v. | § § | Case No. 2:14-cv-744-JRG-RSP |
| GENBAND US LLC, ET AL. | § § | |

## MEMORANDUM ORDER

Before the Court is a Motion to Strike Certain Opinions of Dr. Vijay K. Madisetti Regarding the '667 Patent filed by Genband US, LLC ("Genband"). (Dkt. No. 171; Motion to Strike). Metaswitch Networks Ltd. ("Metaswitch") opposes the motion.

## I. LAW

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

"The inquiry envisioned by Rule 702 is . . . a flexible one," but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field.").

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in

issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## II. ANALYSIS

Genband moves to strike two categories of Dr. Madisetti's opinions on non-infringement and non-infringing alternatives for Patent No. 6,879,667 (the '667 Patent): (1) opinions that purportedly contradict the Court's claim construction by requiring the "telephony port module" to be on a "single card," and (2) opinions about the construed structure for the "access network

module" term.

The Court construed the term "telephony port module," recited in Claims 1 and 6 of the '667 Patent, as "an interface to a telephone network." (Dkt. No. 136 at 72–76). The Court declined to limit this construction to only a "self-contained" module (i.e. a module embodied in a distinct physical component). (*Id.* at 76).

Genband argues that Dr. Madisetti's opinions run afoul of the Court's construction by requiring the telephony port module to be contained on a single card, and not on multiple cards. (Dkt. No. 171 at 5–8). To support this argument, Genband cites Dr. Madisetti's deposition testimony. *See, e.g.* (Dkt. No. 171-2 at 81:15–20) ("Q: Sir, can a combination of two cards together ever satisfy the element telephony port module as construed by the Court for the '667 patent? A: No.").

Metaswitch responds that Dr. Madisetti's "single card" opinion has nothing to do with any assumption that the module must be self-contained. *See* (Dkt. No. 191-9 at 80:15–21) ("Q You would agree one card is itself a self-contained unit, correct? A. I didn't understand unit and self-contained and all that. I don't -- I have not offered in these reports anything to do with self-contained.") (objections omitted). Instead, his opinion is based on his application of the Court's claim construction, which requires an "interface to a telephone network"—he opines that the two DX and PB cards Genband contends meet this limitation cannot satisfy the Court's construction because they do not "interface to a telephone network" and that the modules he opines <u>do</u> interface to the network ("rear transition modules") do not infringe because they fail to satisfy other claim limitations. *See, e.g.* (Dkt. No. 191-6 at 16–17); *see also* (Dkt. No. 191-9 at 82:1–12).

Genband's *Daubert* argument is fundamentally a disagreement about whether the accused products practice the claims. This is a fact dispute not properly excluded under Rule 702. *See*

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 464 F.3d 1339, 1349 (Fed. Cir. 2006) ("Whether a product falls within the literal scope of a properly construed claim is a question of fact, on which we accord a jury substantial deference"). Dr. Madisetti will not be permitted to opine that the Court's construction requires a "self-contained" telephony port module, and he does not appear to offer this opinion. He may opine that certain combinations or configurations of card(s) fail to satisfy the claim limitations, e.g. because they do not meet the "interface" requirement. Rebuttal and cross-examination are the proper tools to challenge these opinions.

Second, Genband contends that Dr. Madisetti has offered opinions that attempt to import additional structure into the "access network module" term that is not necessary to perform the claimed function. (Dkt. No. 171 at 8–13). The Court construed "access network module as a means-plus-function term where "the claimed function is 'to interface with the broadband access network,' and the corresponding structure is 'access network module 100, and equivalents thereof.'" (Dkt. No. 136 at 76–79). Dr. Madisetti has opined that the access network module 100 "includes central processor block ('CP'), ATM segmentation and reassembly block ('SAR'), and AU block which is the interface between the access network module and an 8x8 ATM Switch Element over a Utopia level 2 (U2) ATM bus." (Dkt. No. 171-5 at ¶ 47).

The '667 Patent specification shows these AU, CP, SAR and U2 blocks as components of an embodiment of access network module 100, as in the following excerpt from Figure 2:



(Dkt. No. 171-3 at 7). However, the specification does not say that these components are required, and the Court did not include them in its claim construction. Moreover, the law is clear that sub-components of a construed means-plus-function structure are not themselves claim limitations. *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1268 (Fed. Cir. 1999) ("The individual components, if any, of an overall structure that corresponds to the claimed function are not claim limitations. Rather, the claim limitation is the overall structure corresponding to the claimed function.").

Dr. Madisetti's non-infringement report criticizes Mr. Lanning for failing to show that the AU, CP, SAR, and U2 components are present in the accused products. *See, e.g.* (Dkt. No. 171-5 at ¶ 47). Such opinions are improper, and are hereby excluded, because they treat these individual components as claim limitations that must be satisfied in order for infringement to occur. Dr. Madisetti may not opine that these components are claim limitations or that they are required by the Court's claim construction.

The relevant question is whether the accused products include structure that is identical or equivalent to the construed structure (access network module 100) as a whole. It is not improper for Dr. Madisetti to consider the teachings of the patent specification, including the Figure 2

5

disclosure of the AU, CP, SAR, and U2 sub-components, to inform his opinion as to whether an accused product includes structure that is identical or equivalent to the "overall structure" identified in the Court's construction. However, he may not offer the opinion that each sub-component is individually required to be present in the accused product. The components are not claim limitations.

### III. CONCLUSION

For the foregoing reasons, Genband's Motion to Strike Dr. Madisetti (Dkt. No. 171) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth in this Order.

**SIGNED this 8th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE