IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § | |
| | § | |
| v. | § | Case No. 2:14-cv-744-JRG-RSP |
| | § | |
| GENBAND US LLC, ET AL. | § | |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment of Invalidity of Patent No. 8, 687,640 filed by Genband US LLC ("Genband"). (Dkt. No. 176). Also before the Court is Genaband's Motion for Summary Judgment on the CableLabs Defenses. (Dkt. No. 255). Metaswitch Networks Ltd. ("Metaswitch") opposes both motions.

## I. LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

## II. ANALYSIS

### A. Summary Judgment of Invalidity

Genband moves for summary judgment that claim 8 of Patent No. 8,687,640 (the '640 Patent) is invalid as anticipated by Patent Application Pub. No. 2009/0010270 to Ejzak ("Ejzak") under 35 U.S.C. § 102 or that claim 8 of the '640 Patent is obvious in light of the combination of Ejzak and "Delivering Secure IP-Based Services" ("Intel") under 35 U.S.C. § 103. (Dkt. No. 176).

"To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). A claim limitation is inherently disclosed if it is "necessarily present . . . in the single anticipating reference." *Schering Corp. v. Geneva Pharmaceuticals*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). "If [a] claimed invention was 'described in a printed publication' either before the date of invention, 35 U.S.C. § 102(a), or more than one year before the U.S. Patent application was filed, 35 U.S.C. § 102(b), then that prior art anticipates the patent." *Finisar*, 523 F.3d at 1334. A patent is invalid under § 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter

pertains." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015). "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Id.*

Metaswitch argues that Ejzak is fundamentally different from the '640 Patent and does not disclose even a single limitation of claim 8. Many of the differences Metaswitch identifies are premised on its contention that the '640 patent and Ejzak have incompatible network topologies. To paraphrase Metaswitch's position: in Ejzak, SIP signaling is transmitted through application layer gateways ("ALGs") in the signaling path, whereas media information is transmitted through border gateways ("BGs") in a separate media path. (Dkt. No. 189 at 10).[1] Further, Metaswitch contends the '640 Patent claims a system "where media gateways 102 and 108 take the form of Session Border Controllers (SBCs) processing both the signaling and media paths." (*Id.* at 11–12) (citing, e.g., '640 Patent, at 8:54-67).

Against this backdrop, Metaswitch raises material factual issues about whether Ejzak actuallyfact discloses the limitations of claim 8. For example, Metaswitch argues that Ejzak does not disclose the claim 8 limitation "receiving, at said media gateway, an inbound communication session setup request message . . . said inbound communication session setup request message being transmitted along an inbound signaling path to said media gateway" because the "media gateway" in Ejzak (the BG) is connected to the media path whereas the separate ALG is connected to the signaling path. (Dkt. No. 189 at 13–16). Metaswitch cites the testimony of its expert Dr.

---

[1] Metaswitch cites the report of Genband's expert Mr. Bress to support its position. *See* (Dkt. No. 176-7 at ¶ 459) ("SIP signaling is transmitted between the VoIP telephones via user agent (UA) endpoints UA1 101 and UA2 131 and application layer gateways (ALGs) 103, 109, 115, and 121 over the signaling path, while media information is transmitted between the telephones via the UA endpoints and border gateways (BGs)").

Williams to support its position. (Dkt. No. 189-2 at ¶¶ 130, 156-57); *see also Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) (*quoting Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)) ("As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case."). Metaswitch raises comparable fact disputes about the remaining limitations of claim 8. (Dkt. No. 189 at 16–22).

Metaswitch's arguments, supported by evidence and expert testimony, create material fact questions that defeat summary judgment on the issue of anticipation under § 102. These same fact questions, combined with additional disputes on the issue of whether the Intel reference was publicly available (*Id.* at 22–24), whether one of ordinary skill in the art would have been motivated to combine Ejzak and Intel (*Id.* at 24–26), and whether secondary considerations undermine a finding of obviousness (*Id.* at 26–27) compel a denial of summary judgment on the § 103 issue as well.

### B.  Summary Judgment Regarding CableLabs

Metaswitch argues it is entitled to a royalty-free license to Patent No. 8,600,006 (the '006 Patent) under the CableLabs IPR Agreements with either General Bandwidth, Nortel Networks Cable Solutions Inc., or both. *See, e.g.* (Dkt. No. 231 at 5). Genband moves for summary judgment because it argues the CableLabs IPR Agreements only confer a license covering products "with an interface that fully complies with any version" of the CableLabs Specification, and Metaswitch cannot prove its accused products fully comply with the Specification. (Dkt. No. 255 at 8); *see also* (Dkt. No. 255-5; "IPR Agreement"). Metaswitch contests Genband's Motion, arguing that that the interface of its accused products fully complies with the Specification and that other portions of the IPR Agreement would confer a license even if the accused products were not fully compliant. (Dkt. No. 260).

This issue is rife with material factual disputes and summary judgment is therefore improper. For example, Metaswitch and Genband disagree about the requirements for full compliance with the CableLabs Specification. Metaswitch has adduced evidence (in the form of CableLabs documents) that a compliant application server need only implement "some aspects" of the Specification. *See* (Dkt. No. 260-1 at 19). Moreover, Dr. Williams has opined that the accused products "are designed to implement at least the relevant portions of the above [CableLabs] standards." (Dkt. No. 255-10 at ¶ 293). Summary judgment is rarely appropriate where an expert's opinion supports the non-movant because a reasonable jury could credit this evidence and conclude that the accused products "fully comply."

### III. CONCLUSION

For the foregoing reasons, Genband's Motion for Summary Judgment of Invalidity of Claim 8 of the '640 Patent (Dkt. No. 176) is **DENIED** and Genband's Motion for Summary Judgment Regarding CableLabs is **DENIED** (Dkt. No. 255).

**So Ordered this**
**Mar 10, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE