IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| METASWITCH NETWORKS LTD. | § § | |
| v. | § § | Case No. 2:14-cv-744-JRG-RSP |
| GENBAND US LLC, ET AL. | § | |

## MEMORANDUM ORDER

Before the Court is a Motion to Strike the Supplemental Expert Report of Mark Lanning filed by Metaswitch Networks Ltd. ("Metaswitch"). (Dkt. No. 284). Also before the Court is Metaswitch's Motion to Strike the Supplemental Rebuttal Report of Christopher Bakewell. (Dkt. No. 302). Genband US, LLC ("Genband") opposes these motions.

## I. LAW

A party must disclose the opinions of its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A party who fails to timely disclose bears the burden of proving that such failure is harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. Tex. 1999). The Court considers four factors to determine whether a Rule 26 violation is harmless: "(1) [the party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

## II. ANALYSIS

Metaswitch's motions to strike are not *Daubert* motions under Rule 702, but instead ask the Court to strike Genband's experts' supplemental reports as untimely.

**A. Motion to Strike Mr. Lanning Supplemental Report**

Genband served a supplemental expert report of Mr. Mark Lanning on February 23, 2016. (Dkt. No. 284-10; "Lanning Supplemental Report"). This report was served after the close of expert discovery and without seeking leave of Court, so it is untimely under Rule 26.

Metaswitch argues that Mr. Lanning's Supplemental Report raises an "entirely new theory, which states that the 'telephony port module' is actually met by ***the combination of*** a DX blade or PB card ***and*** a separate component called a 'Rear Transition Module' or 'RTM.'" (Dkt. No. 284 at 4) (emphasis in original). Metaswitch argues this new theory would be highly prejudicial because "Metaswitch would be completely deprived of searching for prior art under the new, broadened theory of infringement." (*Id.* at 12–13).

Genband contends its late disclosure was occasioned by Metaswitch's belated production of source code, which this Court compelled Metaswitch to produce in an Order dated January 29, 2016. (Dkt. No. 251). Genband also argues that Mr. Lanning is not advancing a new theory of infringement—although the words "RTM" and "rear transition module" did not appear in Mr. Lanning's opening report, that report "identifies physical structures on the rear transition module (e.g., T1/E1, DS3, OC3, and OC12 interfaces) as being the 'telephony interfaces' of the claimed 'telephony port modules.'" (Dkt. No. 290 at 3). Genband argues that Metasitch's expert understood and responded to this infringement theory in his report. (*Id.*; Dkt. No. 290-3 at ¶ 10).

Genband's failure to meet the disclosure deadline was substantially justified, given the late date of Metaswitch's code production. Genband has also persuasively argued that the evidence is important, and that it is in accord with Mr. Lanning's original infringement theories. *Compare* (Dkt. No. 290-2 at ¶¶ 399–402) *with* (Dkt. No. 284-10 at ¶¶ 573–80). Metaswitch's Motion does not articulate any meaningful prejudice—it is unclear why Metaswitch would need to modify its <u>invalidity</u> theories in response to Genband modifying its <u>infringement</u> theories. Regardless,

Metaswitch admits it disclosed "alternative theories" of invalidity that align with Mr. Lanning's present opinions. *See* (Dkt. No. 294 at 6).

Accordingly, the *CQ* four-factor test demonstrates that Genband's late disclosure was harmless and the Court will not exclude the Lanning Supplemental Report.

**B. Motion to Strike Mr. Bakewell Supplemental Report**

Metaswitch also moves to strike the Supplemental Rebuttal Report of Christopher Bakewell, served March 4, 2016 in response to the February 19, 2016 Addendum Report of Mr. Raymond Sims. (Dkt. No. 302).

As discussed in more detail in the Court's Order denying Genband's Motion to Strike Mr. Sims' Addendum Report, these reports were served pursuant to an agreement of the parties to exchange supplemental sales and revenue data, followed by supplemental damages reports and rebuttals. *See* (Dkt. No. 297 at 10–12; Sims Addendum Order). However, the parties did not reach a "clear agreement about the contents of those reports," and this ambiguity gave rise to the present dispute. (*Id.*).

As noted in the Court's Order on the Sims Addendum, the fact that the parties agreed to serve late supplemental reports provides an explanation for Genband's late disclosure and suggests that the parties considered these disclosures to be important. These facts weigh against striking the Supplemental Rebuttal Reports under the first two *CQ* factors. Likewise, it does not appear that Metaswitch will be prejudiced. All of Mr. Bakewell's opinions are rebuttals to Mr. Sims's opinions. Although Mr. Bakewell offers opinions based on recent conversations with Genband employees, all these conversations relate to the financial data the parties exchanged and bear directly on his rebuttal of Mr. Sims. *See, e.g.* (Dkt. No. 302-2 at ¶ 17). Accordingly, the *CQ* factors disfavor striking Mr. Bakewell's Report.

### III. CONCLUSION

For the foregoing reasons, Metaswitch's Motion to Strike the Supplemental Expert Report of Mark Lanning (Dkt. No. 284) is **DENIED**. Metaswitch's Motion to Strike the Supplemental Rebuttal Report of Christopher Bakewell (Dkt. No. 302) is **DENIED**.

**SIGNED this 11th day of March, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE