IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| METASWITCH NETWORKS LTD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 2:14-CV-744-JRG-RSP |
| § | |
| GENBAND US LLC ET AL., § | |
| § | |
| *Defendants*. § | |
| § | |

## JUDGMENT

A jury trial commenced in this case on March 11, 2016 regarding (1) the claims by Plaintiff Metaswitch Networks Ltd. against Defendant Genband US LLC et al. ("Genband") and the defenses of Genband against such claims, and (2) the claims by Counter-Plaintiff Genband against Counter-Defendant Metaswitch and the defenses of Metaswitch against such claims. After four days in trial, the jury reached and returned its unanimous verdict on March 17, 2016, finding no infringement and also finding that several of the claims in suit are invalid. (Dkt. No. 348.) Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

    1.    Genband does not infringe any of Metaswitch's asserted claims; being Claims 18, 24, and 27 of U.S. Patent No. 6,807,273, Claim 2 of U.S. Patent No. 7,881,282, Claims 6 and 7 of U.S. Patent No. 6,816,482, Claims 10 and 14 of U.S. Patent No. 8,611,522, Claim 8 of U.S. Patent No. 8,687,640, and Claim 1 of U.S. Patent No. 8,488,768 (collectively, "asserted claims").

2.      The following claims asserted by Metaswitch are invalid; being Claims 18, 24, and 27 of U.S. Patent No. 6,807,273; Claim 2 of U.S. Patent No. 7,881,282, Claims 6 and 7 of U.S. Patent No. 6,816,482.

3.      The Court notes that in Question 2 of the unanimous verdict, a harmless and purely clerical error occurred when the Jury was asked if Genband had proven invalidity as to certain claims of Metaswitch. Particularly, with regard to U.S. Patent No. 6,816,482 ("'482 Patent"), Claim 18 was listed instead of Claim 6. However the trial, from opening statements through closing statements, had uniformly made clear that it was independent Claim 6 of the '482 Patent, and not Claim 18, that was challenged by Genband as being invalid. Further, the adjacent instructions in Question 2 of the verdict directed the jury that it could not find dependent Claim 7 valid if it found independent Claim 6 to be invalid. All of which makes it abundantly clear that such error was both clerical and harmless. Pursuant to FRCP 60(a) and FRCP 61, the Court has corrected such error and hereby enters judgment, in the preceding paragraph, in accordance therewith.

4.      Metaswitch does not infringe any of Genband's asserted claims; being Claim 15 of U.S. Patent No. 8,600,006, Claim 1 of U.S. Patent No. 7,953,210, Claim 1 of U.S. Patent No. 7,680,252, Claim 6 of U.S. Patent No. 6,879,667.

5.      The following claims asserted by Genband are invalid; being Claim 1 of U.S. Patent No. 7,953,210, Claim 1 of U.S. Patent No. 7,680,252, Claim 6 of U.S. Patent No. 6,879,667.

6.      Genband is the prevailing party, and as the prevailing party, Genband shall recover its costs from Metaswitch.

7.      Any and all pending motions that are presently unresolved are hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of April, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE